FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

YURIY S.

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No.   2:18-cv-00151-SAB

ORDER GRANTING SUMMARY
JUDGMENT

     Before the Court is the Defendant's motion to dismiss, ECF No. 8, and Plaintiff's Motion to Produce Full Transcript of Proceedings, ECF No. 10. The motions were heard without oral argument. For the reasons set forth below the court **GRANTS** Defendant's motion and dismisses this case without prejudice, and **DENIES** Plaintiff's motion as moot.

     Plaintiff applied for benefits in 2014, to cover a period of disability that began in August 2010 and ended on Plaintiff's December 31, 2014 date last insured ("DLI"). That application was initially denied, denied at reconsideration in 2015, and Plaintiff did not seek administrative review. Plaintiff then filed a new application, in 2016, alleging a disability period that overlapped with the earlier filing's proposed coverage period. That application was also denied both initially and on reconsideration.

     This time, Plaintiff did file a request for a hearing. The ALJ dismissed that request as barred by *res judicata*, denying a hearing and declining to reopen the 2015 determination. Plaintiff appealed the ALJ's dismissal, and the appeals council again denied the request for a hearing. Plaintiff then filed a complaint for judicial review in this Court. Plaintiff brings this challenge to the denial of benefits pursuant to 42 U.S.C. § 405(g).

**II: PROCEDURAL POSTURE**

ORDER GRANTING MOTION TO DISMISS ~ 1

Plaintiff first filed for benefits on September 4, 2014 for a disability period spanning from his August 10, 2010 date of injury to his December 31, 2014 DLI (hereinafter, "2014 Application.") ECF No. 8-1, at 10. Plaintiff's primary diagnosis was discogenic degenerative back disorder at the L4-L5 discs. The initial application was denied on December 4, 2014, because Plaintiff was found to be capable of performing prior work notwithstanding the limitations caused by his lumbar injury. *Id.*, at 5.

Plaintiff timely requested reconsideration. The SSA again denied his request for benefits, on May 6, 2015. *Id.*, at 13. Plaintiff was sent a notice of reconsideration that explained the determination and his right of appeal. *Id.*, at 11. Plaintiff did not exercise his right of appeal. Instead, he filed a new application for benefits on January 11, 2016, alleging a disability period spanning from November 5, 2011 to his DLI of December 31, 2014 (hereinafter, "2016 Application.") *Id.*, at 18.

That claim was disapproved, with an explanation that the 2014 Application covered the same issue and no new information was presented. *Id.*, at 14. Plaintiff timely requested reconsideration of that decision on October 14, 2016, and his claim was again disapproved on December 30, 2016. *Id.*, at 19. This time, Plaintiff did file a request for a hearing on January 17, 2017. *Id.*, at 27.

On November 13, 2017, an Administrative Law Judge dismissed the request for a hearing based upon the doctrine of *res judicata. Id.*, at 29. The ALJ found that the period of disability alleged in the 2016 Application overlapped with the period alleged in the 2014 Application, and that the medical file supporting the 2016 Application was almost identical to the file supporting the 2014 Application. *Id.*, at 28. Finding that the issue presented in the 2014 Application was identical to the issue presented in the 2016 Application, that there was no new and material evidence, and that the 2014 Application constituted a final decision on the merits, the ALJ found that *res judicata* applied, and dismissed the request for a hearing accordingly.

Plaintiff requested Appeals Council review of the ALJ's dismissal. That request was denied on March 15, 2018, because the Council "found no reason under our rules to review the Administrative Law Judge's dismissal." *Id.*, at 31. Plaintiff filed a complaint for judicial review in this court, seeking judicial review of the Appeals Council's decision and

for this Court to set aside the ALJ's dismissal of his request for a hearing, remanding the matter for a hearing to determine his benefits eligibility. ECF No. 1, at 2.

The Social Security Commissioner filed a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on August 10, 2018. ECF No. 8. The Commissioner argues first that the Appeals Council's decision is not final and reviewable. Second, the Commissioner argues that Plaintiff's allegations of a denial of due process of law do not provide a colorable constitutional claim sufficient to warrant an exception to the general rule that an Appeals Council's decision denying a request to reopen a determination is not subject to judicial review.

*(a) This Court Has Threshold Jurisdiction Necessary to Determine Whether the Application of* Res Judicata *Was Proper.*

Plaintiff seeks judicial review of the denial of a claim for benefits under Titles II and XVI of the Social Security Act (SSA), 42 U.S.C. §§ 42 U.S.C. §§ 401-34, 1381-83f. The SSA limits judicial review to "final decision(s) of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Defendant argues that because the ALJ's dismissal on *res judicata* grounds occurred without a hearing, the Appeals Council's decision is not a "final decision… made after a hearing."

It is true that a refusal to reopen a prior claim for benefits is not a final decision made after a hearing within the meaning of section 405(g). *See Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1976). When there has been no hearing, as in the instant case, this Court has no jurisdiction to review a final decision unless a colorable constitutional issue is presented. *Id.*, 430 U.S. at 108, 97 S.Ct. at 985. This limitation of jurisdiction stems from Congress's "policy choice, obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Id.*, at 108, 986.

However, the Plaintiff is arguably appealing the application of *res judicata* to the 2016 Application, not the decision of whether or not to reopen the 2014 Application. While this Court does not have jurisdiction to review the decision to reopen an early application, this Court does have the threshold jurisdiction to determine whether the "new claim was properly precluded as the same claim previously determined." *Trulson v. Com'r, Soc. Sec. Admin.*, 319 F. App'x 635, 636 (9th Cir. 2009) (citing *Krumpelman v.*

*Heckler*, 767 F.2d 586, 588 (9th Cir.1985)). Thus, we do have threshold jurisdiction to review whether the application of *res judicata* was appropriate.

*(b) Because the Second Benefits Period Does Not Include any Time Subsequent to the First Determination, Plaintiff has Failed to State a Claim.*

The scope of review when determining whether *res judicata* was appropriate depends upon whether the benefits periods overlap. In cases where the benefits period for the second application is entirely included in the benefits period considered in the first application, the appropriateness of *res judicata* is co-extensive with the discretionary and non-reviewable decision not to reopen the prior determination, and the district court's jurisdiction ends once it is determined that the benefits periods overlap. *See Krumpelman*, 767 F.2d at 588. However, when the second application for benefits contains a benefits period that is at least in part later than the denial of benefits in the earlier proceedings, the standard is less deferential, and the court has broader jurisdiction to review the identicality of issues to determine whether *res judicata* is appropriate.

For instance, in *Lester v. Chater*, the application of *res judicata* was considered with regard to a benefits period that was partially within the prior determination and partially after it. 81 F.3d 821, 827 (9th Cir. 1995), *as amended* (Apr. 9, 1996). The Court noted that a Commissioner may "apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application," while the authority to apply *res judicata* to a period subsequent to a prior determination "is much more limited." *Lester*, 81 F.3d at 827.

Here, the benefits period for the 2016 Application appears to be a period spanning from an alleged onset date of November 5, 2011 to his Date Last Insured, December 31, 2014. The benefits period for the 2014 Application spanned from an alleged onset date of August 10, 2010 to his Date Last Insured of December 31, 2014. Because no part of the 2016 Application's benefits period extended beyond the date that the 2014 Application's denial of benefits was issued, this Court lacks jurisdiction to review the application of *res judicata* any further. *See Krumpelman*, 767 F.2d at 588 (holding that district courts lack jurisdiction to review a determination that *res judicata* is appropriate for a period included

within the earlier determination's benefits period absent an exception based on constitutional grounds.)

These dates are inferred from the exhibits attached to the Defendant's Motion to Dismiss, however, this court need not convert that motion into a motion for summary judgment under Fed. R. Civ. Pr. 12(d). The exhibits are excerpts of the administrative record, the authenticity of which are not contested, and upon which the plaintiff's complaint necessarily relies. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998)(superseded by statute on other grounds.)

Finally, there is no constitutional basis for jurisdiction. Plaintiff's complaint includes an unsupported assertion that his due process rights were violated. ECF No. 1 at 2. This threadbare assertion does not provide a colorable constitutional claim sufficient to grant this court jurisdiction. *Subia v. Comm'r* of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001). Thus, the limited jurisdiction this Court possesses to review the application of *res judicata* abruptly ends once it determines that the benefits periods overlap.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 8 is **GRANTED**
2. The matter is **DISMISSED WITHOUT PREJUDICE.**
3. Plaintiff's Motion to Produce Full Transcript of Proceedings, ECF No. 10, is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 27th day of December 2018.



Stanley A. Bastian
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 5